■ Navigators Insurance Company, Appellant, v Sterling Infosystems, Inc., et al., Respondents. [42 NYS3d 813]—

Order and judgment (one paper), Supreme Court, New York County (Ellen M. Coin, J.), entered July 28, 2015, to the extent appealed from as limited by the briefs, declaring that plaintiff is obligated to indemnify defendants for the settlement reached in an action in the U.S. District Court for the Southern District of New York titled *Ernst v Dish Network, LLC*, unanimously affirmed, with costs.

Pursuant to an errors and omissions insurance policy, plaintiff is obligated to pay all damages arising in connection with defendants' performance of their professional services. The policy defines damages as "any compensatory sum," including a settlement, and excludes coverage for, inter alia, penalties. With the requisite consent of plaintiff, defendants entered into a settlement with the plaintiffs in the putative class action *Ernst v Dish Network, LLC*, which alleged that defendants' business practices violated provisions of the Fair Credit Reporting Act (FCRA), causing the class members injury, including, in certain instances, termination from employment.

Plaintiff argues that the statutory damages that defendants paid to settle the *Ernst* action constitute a penalty, rather than compensatory damages, and are therefore excluded from their insurance coverage. The motion court correctly rejected this argument.

To make out a claim under the FCRA (15 USC § 1681 *et seq.*), the complaint must allege, inter alia, injury in fact, a "concrete and particularized" and "actual or imminent" "invasion of a legally protected interest," i.e., the statutory right to the fair handling of the plaintiff consumer's credit information (*see Spokeo, Inc. v Robins*, 578 US —, 136 S Ct 1540, 1547-1548 [2016] [internal quotation marks omitted]). The remedy for "willful" failure to comply with a requirement of the statute is "any actual damages sustained by the consumer [by] the failure or damages of not less than $100 and not more than $1,000," *and* "such amount of punitive damages as the court may allow," as well as costs and reasonable attorneys' fees (15 USC § 1681n [a] [1] [A]; [2], [3]). Since the consumer must elect the option of either actual or statutory damages, and may also recover punitive damages, it is reasonable to infer, as the motion court did, that the actual and the statutory damages serve the same purpose (*see Bateman v American Multi-Cinema, Inc.*, 623 F3d 708, 718 [9th Cir 2010]). Moreover, the statute provides separately for a civil penalty (recoverable by the Federal Trade Commission) (*see* 15 USC § 1681s [a] [2]). Plaintiff argues that the limitation of damages to a "willful" violation of the statute evinces a legislative intent to penalize intentional misconduct, rather than compensate for actual damages sustained, but this is not so, since willfulness as a statutory condition of civil liability "cover[s] not only knowing violations of a standard, but reckless ones as well" (*Safeco Ins. Co. of America v Burr*, 551 US 47, 57 [2007]). Thus, it is clear that Congress intended the statutory damages provided for by the FCRA to be compensatory and not a penalty.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Acosta, J.P., Renwick, Andrias, Saxe and Gische, JJ.